**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sbarro Franchise Co., LLC, et al., | ) | Case No. 2:20-cv-00267-SDM-EPD |
| Plaintiffs, | ) ) | Judge Sarah D. Morrison |
| -vs- | ) ) | Magistrate Elizabeth Preston Deavers |
| Pizza Partners Operations, LLC, et al., | ) ) | **PLAINTIFFS' MOTION FOR A** |
| Defendants. | ) ) ) ) ) | **FINDING THAT DEFENDANTS WERE PROPERLY SERVED OR, IN THE ALTERNATIVE, MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS** |
| | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Peter R. Silverman (SBN 0001589) Michael A. Snyder (SBN 0069425) Marcus A. Miller (SBN 0096597) SHUMAKER, LOOP & KENDRICK, LLP 1000 Jackson Street Toledo, Ohio  43604-5573 Telephone:   419.241.9000 Facsimile:    419.241.6894 E-Mail: psilverman@shumaker.com           msnyder@shumaker.com           mmiller@shumaker.com |
| | ) | *Attorneys for Plaintiffs* |

\* \* \*

## I. INTRODUCTION

Plaintiffs, Sbarro Franchise Co., LLC, Sbarro, LLC, and Sbarro America, Inc. (collectively, "Sbarro Group"), in response to the Court's April 20, 2020 Order [ECF No.

16], respectfully move this Court to find that the Sbarro Group has properly served Defendants, Pizza Partners Operations, LLC ("Pizza Partners"), Ft. Myers Pizza Partners, LLC ("Ft. Myers PP"), Port Charlotte Pizza Partners, LLC ("Port Charlotte PP"), Tampa Pizza Partners, LLC ("Tampa PP"), Pensacola Pizza Partners, LLC ("Pensacola PP") and Joseph Candito ("Candito") (collectively, "Defendants"), with the summons and complaint. As explained further below, Defendants were properly served under Fed. R. Civ. P. 4(e)(1).

Alternatively, if the Court finds the Defendants were not properly served, Plaintiffs move this Court under Fed. Civ. R. 4(m) for a 90-day extension of time to serve Defendants. As the certified mail to each Defendant was returned as unclaimed, and if the ordinary mail is returned as undeliverable, the Sbarro Group will likely need a 90-day extension to serve the statutory agents and Candito.

## II. ARGUMENT

### A. Defendants were properly served under Fed. R. Civ. P. 4(e)(1).

The Federal Rules of Civil Procedure provide for various methods of service, including "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Ohio Rule of Civil Procedure 4.1(A) permits service by certified or express mail or by a commercial carrier service. If certified or express mail is returned as unclaimed, the clerk can send the summons and complaint by ordinary mail. Ohio R. Civ. P. 4.6(D). The clerk then provides a certificate of mailing, and the answer date is 28 days after the mailing. *Id*. Under the rule, "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by

the postal authorities with an endorsement showing failure of delivery." Ohio Civ. R. 4.6(D).

Here, the Clerk filed a Certificate of Mailing indicating that a summons and copy of the Complaint were sent to Defendants by certified mail. [ECF No. 11.]  Summons was returned unexecuted as to Pizza Partners on April 6, 2020 [ECF No. 12], and on April 7, 2020 summons was returned unexecuted as to the remaining Defendants, Candito, Ft. Myers PP, Pensacola PP, Port Charlotte PP, and Tampa PP [ECF No. 13].  On April 8, 2020, the Clerk filed a Certificate of Mailing indicating that a summons and copy of the Complaint were sent by ordinary mail service to all Defendants. [ECF No. 14.]  The ordinary mail has not been returned showing a failure of delivery.

Thus, under Fed. R. Civ. P. 4(e)(1) and Ohio Civ. R. 4.6(D), service was complete upon the Clerk entering the Certificate of Mailing [ECF No. 14] on the record. *See Technology From Heaven Unlimited v. Regal-Elite, Inc.*, No. 2:16-CV-1146, 2018 WL 5447545, at *3 (S.D. Ohio Jan. 26, 2018).  Accordingly, the Sbarro Group requests a finding that the Sbarro Group has completed service on Defendants.

### B. Alternatively, the Sbarro Group requests a 90-day extension.

If this Court denies that service on Defendants is complete, then the Sbarro Group respectfully requests a 90-day extension to effect service.  Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

(Emphasis added.) The notes to the 2015 amendment suggest that there is good cause where "a defendant is difficult to serve." Fed. R. Civ. P. 4(m), 2015 advisory committee notes. Further, Courts have reasoned that "regardless of the absence of good cause and whenever a plaintiff fails to perfect service within 90 days after filing a complaint, a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time." *Rose v. Bersa*, 327 F.R.D. 628, 633 (S.D. Ohio 2018) (internal markings omitted).

Here, the Sbarro Group has "good cause" for an extension because the Defendants are a prime example of parties that are "difficult to serve." Specifically, Pizza Partners, Ft. Myers PP, Pensacola PP, Port Charlotte PP, and Tampa PP all disclose the same principal address and mailing address on Florida's Department of State website[1]—the same address to which the Sbarro Group requested service. No other physical address for the company is known. Moreover, Candito's address was found as a result of investigation conducted by the undersigned's law firm. Thus, the Sbarro Group's counsel will need time for further investigation regarding the Defendants' respective locations.

Even if the Sbarro Group has not shown "good cause," this Court should still exercise its discretion to extend the time for service. The request for a 90-day extension is not unduly long, and the entirety of the extension is likely necessary to find Defendants' location and serve them by certified mail (followed by ordinary mail, again, if necessary). Notably, Ohio state courts permit six months for this process. Ohio Civ. R. 4(E). Moreover, Defendants will not suffer prejudice if an extension is granted. Thus,

---

[1] The single address is 2626 Tamiami Tr. E, Suite 3, Naples, FL 34112. This is the same address disclosed by Ft. Myers PP, Port Charlotte PP, and Tampa PP in their respective franchise agreements for the purposes of sending required notices under the franchise agreements. *See* Complaint, Exhibits A–C, Section 31.

based on the good faith efforts to serve Defendants, the Sbarro Group requests a 90-day extension to serve the Defendants if this Court finds service has not yet been completed.

### III. CONCLUSION

The Sbarro Group respectfully requests this Court to find that Defendants were properly served under Fed. R. Civ. P. 4(e)(1). Alternatively, the Sbarro Group respectfully requests a 90-day extension under Fed. R. Civ. P. 4(m).

    Respectfully submitted

    /s/ *Peter R. Silverman*
    Peter R. Silverman (SBN 0001589)
    Michael A. Snyder (SBN 0069425)
    Marcus A. Miller (SBN 0096597)
    SHUMAKER, LOOP & KENDRICK, LLP

    *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on April 23, 2020, I served a copy of the foregoing by U.S. mail on the following:

| | |
|---|---|
| Joseph Candito<br>2550 10th Street<br>Naples, Florida 34103 | Tampa Pizza Partners, LLC<br>2626 Tamiami Trail E<br>Naples, Florida 34112 |
| Pensacola Pizza Partners, LLC<br>2626 Tamiami Trail E<br>Naples, Florida 34112 | Pizza Partners Operations, LLC<br>2626 Tamiami Trail E<br>Naples, Florida 34112 |
| Ft. Myers Pizza Partners, LLC<br>2626 Tamiami Trail E<br>Naples, Florida 34112 | Port Charlotte Pizza Partners, LLC<br>2626 Tamiami Trail E<br>Naples, Florida 34112 |

/s/ *Peter R. Silverman*
Peter R. Silverman (SBN 0001589)
Michael A. Snyder (SBN 0069425)
Marcus A. Miller (SBN 0096597)
SHUMAKER, LOOP & KENDRICK, LLP

*Attorneys for Plaintiffs*